**Original filed 5/10/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GARRETT, ) | No. C 03-5066 JF (PR) |
| ) | |
| Plaintiff, ) | ORDER OF SERVICE |
| ) | |
| vs. ) | |
| ) | |
| DR. CHARLES LEE, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

    Plaintiff, a state prisoner proceeding , filed a <u>pro se</u>, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Salinas Valley State Prison medical personnel. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. In its initial review, the Court dismissed the complaint with leave to amend because Plaintiff's complaint did not set forth sufficient facts to state a cognizable claim. Plaintiff has filed an amended complaint. The Court will order service of the amended complaint on the named Defendants.

**BACKGROUND**

    Plaintiff alleges that Salinas Valley State Prison ("SVSP") Dr. Charles Lee and Dr. Grillo refused to provide him with a cane, due to his mobility impairment, for over fourteen months. Plaintiff alleges that Dr. Grillo refused to provide him with a cane when he arrived at Salinas

Valley, after a doctor from Plaintiff's previous institution wrote him a recommendation for a cane for ninety days. Dr. Charles Lee, SVSP Health Care Manager, told Plaintiff that he did not believe Plaintiff needed a cane for mobility. Plaintiff states that Dr. Bowman gave Plaintiff permanent "ADA" disability status. Plaintiff names the following Defendants in his complaint: Dr. Charles Lee, SVSP Health Care Manager; and Dr. Grillo, SVSP B-Yard Doctor. Plaintiff seeks compensatory monetary damages. See Amended Complaint at 3-4.

## DISCUSSION

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claim

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059.

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.

1  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  In order for deliberate indifference to be
2  established, there must be a purposeful act or failure to act on the part of the defendant and
3  resulting harm.  See McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison
4  Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).
5       Liberally construed, Plaintiff has alleged a cognizable claim of deliberate indifference by
6  Defendant Grillo and Defendant Lee.  The Court will order service of this claim.

## CONCLUSION

8       1.    The Clerk shall issue a summons and the United States Marshal shall serve,
9  without prepayment of fees, copies of the amended complaint in this matter (docket no. 9), all
10  attachments thereto, and copies of this order on the following Defendants: Dr. Charles Lee,
11  SVSP Health Care Manager; and Dr. Grillo, SVSP Facility B-Yard Doctor.  The Clerk shall also
12  serve a copy of this order on Plaintiff.
13       2.    In order to expedite the resolution of this case, the Court orders as follows:
14       a.    No later than **sixty (60) days** from the date of this order, Defendants shall
15  file a motion for summary judgment or other dispositive motion, or shall notify the Court that
16  Defendants are of the opinion that this case cannot be resolved by such a motion.  The motion
17  shall be supported by adequate factual documentation and shall conform in all respects to
18  Federal Rule of Civil Procedure 56.
19       **Defendants are advised that summary judgment cannot be granted, nor qualified**
20  **immunity found, if material facts are in dispute.  If Defendants are of the opinion that this**
21  **case cannot be resolved by summary judgment, they shall so inform the Court prior to the**
22  **date the summary judgment motion is due**.
23       All papers filed with the Court shall be promptly served on Plaintiff.
24       b.    Plaintiff's opposition to the dispositive motion shall be filed with the
25  Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion
26  is filed. Ninth Circuit authority holds that the following notice should be given to plaintiffs:
27            The defendants have made a motion for summary judgment by
          which they seek to have your case dismissed.  A motion for summary
28            judgment under Rule 56 of the Federal Rules of Civil Procedure will, if

Order of Service
P:\pro-se\sj.jf\cr.03\Garrett066srv     3

|   |   |
|---|---|
| 1 | granted, end your case. |
| 2 | Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial. |

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end his case, albeit without prejudice. Plaintiff must "develop a record" and present it in his opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

        c.     Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

        d.     The motion shall be deemed submitted as of the date the reply brief is due.

Order of Service
P:\pro-se\sj.jf\cr.03\Garrett066srv      4

1 No hearing will be held on the motion unless the Court so orders at a later date.

2      3.     All communications by the Plaintiff with the Court must be served on Defendant, or Defendant's counsel, by mailing a true copy of the document to Defendants or Defendant's counsel.

      4.     It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and the parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      5.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

IT IS SO ORDERED.

DATED: __5/10/07_____

_____
JEREMY FOGEL
United States District Judge

1   A copy of this ruling was mailed to the following:

2

3   James Garrett
    T-47531
    Salinas Valley State Prison
4   P.O. Box 1040
    Soledad, CA  93960-1040

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Service
P:\pro-se\sj.jf\cr.03\Garrett066srv            6